# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RUBY GIERACH**                                                                                       **PLAINTIFF**

**V.**                                            **NO. 4:21-CV-00839-JTK**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                **DEFENDANT**

## ORDER

### I.  Introduction:

Plaintiff, Ruby Gierach ("Gierach"), applied for disability benefits on July 1, 2019, alleging a disability onset date of October 4, 2003.[1] (Tr. at 15). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Gierach's application on February 3, 2021. (Tr. at 24). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Gierach has requested judicial review.

---

[1] Gierach previously received benefits based on a prior claim. On November 1, 2018, the claimant's disability ceased and the Administration ended her benefits. (Tr. at 15). While Gierach urges that the ALJ should have reopened that claim, she has not shown any reason, good cause or otherwise, that the claim should be reopened. The ALJ explained that he considered 20 CFR § 404.988 and Soc. Sec. Ruling 91-5p in declining to reopen Gierach's claim. Gierach did not meet the conditions required in those sections to mandate reopening the claim. She did not show that intellectual incapacity prevented her from pursuing her claim. The ALJ, within the discretion granted to him, properly considered only the current application for benefits. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989).

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Gierach had not engaged in substantial gainful activity since the onset date of November 2, 2018 (the day after her earlier benefits ceased).[3] (Tr. at 17). The ALJ found, at Step Two, that Gierach had the following severe impairments: seizure disorder and hearing impairment. *Id*.

After finding that Gierach's impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Gierach had the residual functional capacity ("RFC") to perform work at all exertional levels, except that she cannot perform tasks that require bilateral hearing, and she requires seizure precautions (i.e., should avoid the use of firearms, moving dangerous machinery, and unprotected heights). *Id*.

The ALJ found that Gierach was unable to perform any of her past relevant work. (Tr. at 22). At Step Five, the ALJ relied upon Vocational Expert ("VE")

---

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

testimony to find that, based on Gierach's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 23). Therefore, the ALJ found that Gierach was not disabled. *Id.*

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary

3

sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

   B. Gierach's Arguments on Appeal

Gierach contends that the evidence supporting the ALJ's decision is less than substantial. She argues that that ALJ should have found intellectual deficits to be a severe impairment at Step Two. She also argues that the ALJ should have reopened the prior application for benefits. See fn 1, *supra*.

Gierach's basis for appeal only relates to alleged intellectual disability, so the Court likewise limits its discussion thereto.[4] She asserts it should have been ruled to be a severe impairment at Step Two. The claimant has the burden of proving that an impairment is severe at Step Two, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); see *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to

---

[4] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

First, Gierach did not allege intellectual deficits in her current application paperwork.[5] (Tr. at 206). Second, the two DDS reviewing psychiatric experts did not find any intellectual deficits to be severe. (Tr. at 61-78). They referenced a remote 2005 diagnosis of mild intellectual disability and found that it was incongruent with the current record, which evidenced good judgment, normal mood, and normal affect.[6] (Tr. at 61-78, 358).

During mental status examinations, Gierach routinely had intact fund of knowledge, attention span, and memory. (Tr. at 365, 479, 487, 535, 539). The record also showed that Gierach was able to take care of her elderly mother, take care of pets, use a cell phone, use Facebook, shop on her computer, cook, and do daily chores.[7] (Tr. at 37-49, 227-237). These activities all require cognitive function similar to what would be required in the workplace. Gierach was also able to

---

[5] See *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege mental impairment on the application for benefits).

[6] A diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. See *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

[7] Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

complete her paperwork, fill out a function report, and understand and answer questions from the ALJ at the hearing. (Tr. at 32-54, 231-237) Finally, she saw no mental health professional or required any special treatment for mental impairments, and none of her doctors placed any restrictions on her based on a mental impairment. And while Gierach alleged she only had an eighth grade education, she admitted that she left school because she was pregnant and not due to any intellectual disability. (Tr. at 356). Based on the facts outlined above, the Court concludes that the ALJ did not err at Step Two.[8]

### IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err at Step Two. The finding that Gierach was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 25th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Based on the same premise, Gierach asserts that the ALJ should have found her disabled at either Step Three or Step Five. Again, she has not shown that any intellectual delay significantly limits her ability to function in the workplace, so these arguments fail.